UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

CYNTHIA BROWN,

   Plaintiff,

v.

UNITED RECOVERY SYSTEMS, LP

   Defendant.

Case No. 12-cv-1230

VERIFIED COMPLAINT

CYNTHIA BROWN (Plaintiff), by her attorney, Christopher D. Lane, alleges the following against UNITED RECOVERY SYSTEMS, LP (Defendant):

INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*, and the North Carolina Debt Collection Act (NCDCA), N.C.G.S. 75-50 *et seq*.

JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in North Carolina, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

PARTIES

5. Plaintiff is a natural person residing in Durham, Durham County, North Carolina.

6. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and by N.C.G.S. 75-50(3), and sought to collect a consumer debt from Plaintiff.

7. Defendant is a collection agency with a business office in Tempe, Arizona and a principal office in Houston, Texas.

8. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of Defendant and/or Discover (Discover's account number assigned to Plaintiff: 6011-0054-5861-9510).

10. Plaintiff's alleged debt owed to United Recovery Systems arises from transactions for personal, family, and household purposes.

11. Defendant contacted Plaintiff on numerous occasions and with excessive frequency regarding the alleged debt, and continued to contact Plaintiff at her place of employment afer Plaintiff instructed Defendant not to do so, and that Plaintiff was prohibited by her employer from receiving such calls at work.

12. On August 2, 2012, Plaintiff mailed a request for validation of debt. See Exhibit A. In addition to requesting validation of the alleged debt, Exhibit A once again instructed Defendant to refrain from contacting Plaintiff at her place of employment with regard to the alleged debt.

13. Despite receiving Plaintiff's letter (Exhibit A), Defendant failed to respond to Plaintiff's request and instead continued its collection efforts against Plaintiff by phone throughout August and September and by letter dated September 18, 2012. See Exhibit B. Said phone calls were placed to Plaintiff at her place of employment.

14. On October 8, 2012, Plaintiff's counsel contacted Defendant by phone and facsimile and advised Defendant that its conduct was unlawful. See Exhibit C. At this time, Defendant was put on notice that Plaintiff was represented by counsel.

15. Despite receiving Plaintiff's counsel's letter (Exhibit C), on October 20, 2012, and despite that fact that Defendant did not validate the alleged debt, Defendant once again continued its collection efforts against Plaintiff by letter dated October 20, 2012. See Exhibit D.

## COUNT I
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

16. All prior allegations are re-alleged herein.

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692g of the FDCPA by repeatedly communicating with Plaintiff after Defendant received Plaintiff's request for validation of debt and before validating said debt.

   b. Defendant violated §1692d of the FDCPA by repeatedly engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

   c. Defendant violated 1692c by contacting Plaintiff if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

   d. Defendant violated 1692c by contacting Plaintiff at the consumer's place of employment when the debt collector knew or had reason to know that the consumer's employer prohibits the consumer from receiving such communication.

## COUNT II

## NORTH CAROLINA DEBT COLLECTION ACT

18. Defendant violated the NCDCA based on the following:

19. Placing telephone calls to Plaintiff at her place of employment contrary to the Plaintiff's instructions, in violation of N.C.G.S. 75-52(4).

Wherefore, Plaintiff, CYNTHIA BROWN, respectfully requests judgment be entered against Defendant, UNITED RECOVERY SYSTEMS., for the following:

1. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

2. Statutory damages of $4,000 per violation of the NCDCA, pursuant to N.C.G.S. 75-56(b).

3. Treble damages pursuant to N.C.G.S. 75-56(a) and N.C.G.S. 75-1.1;

4. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and N.C.G.S. 75-56 and 75-1.1 et seq.

5. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, CYNTHIA BROWN, demands a jury trial in this cause of action.

Dated: November 16, 2012

RESPECTFULLY SUBMITTED,

By: /s/ Christopher D. Lane
Christopher D. Lane, Esq.
NC Bar ID # 20302
3802-A Clemmons Road
Clemmons, NC 27012
Telephone: 336 766-0229
Facsimile: 336 766-9145
cdllaw@juno.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA

Plaintiff, CYNTHIA BROWN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, CYNTHIA BROWN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

11-7-12
Date

CYNTHIA BROWN